(114 So. 565)

**POPE v. STATE.  (I  Div. 723.)**

Court of Appeals of Alabama.  Nov. 29, 1927.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.  On the trial of this case there was no material dispute or conflict in the evidence, as the defendant offered no testimony in his own behalf. The evidence of the state tended to and did establish the corpus delicti, as well as the unlawful commission of the offense charged by the defendant. The two counts in the indictment charged: (1) That the defendant distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol:  and, (2) the possession of a still, etc., to be used for that purpose. Several exceptions were reserved to the court's rulings upon the admission of evidence, but these exceptions are so clearly free from all prejudicial error no discussion is deemed necessary. No special charges were refused to defendant, nor was there a motion for a new trial.

Appellant made objection to a certain statement of the solicitor in argument, wherein he said "he submitted to the jury that the defendant was not satisfied with going into this business of making liquor himself, but brought his own boy, his own offspring, into it." It appears to us that this was legitimate argument and a fair inference from the undisputed evidence which disclosed that appellant's son helped, aided, or assisted his father in the commission of the offense charged. No error appears here in the court's ruling.

The record shows that:

"Counsel for defendant, in arguing the case to the jury, stated that the defendant had endeavored to have the case tried fairly, and that he had not got up there and told the jury any fibs." "And the solicitor in his closing argument said to the jury that the defendant did not get on the stand at all as a witness."

By express terms of the statute (Code 1923, § 5632), it is provided, on the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment.

The inhibition of the statute forbidding comment in argument of a criminal case upon the failure of the defendant to testify is alike applicable to the accused as to the state. The forbidden subject was first injected by counsel for the defendant, and, having done so, he cannot complain that the state was permitted to make pertinent reply to such argument. It does not appear here that the counsel for the state undertook to enlarge upon the discussion in point, but, in reply to defendant's counsel's remark, to wit, "that the defendant had endeavored to have the case tried fairly, and that he had not got up there and told the jury any fibs," state's counsel merely stated that the defendant did not get on the stand at all. The court was right in holding this to be a legitimate statement, in view of and in response to the statement of counsel for defendant. But, if that were not true, the following utterances of the court upon this question, as shown by the record, were sufficient to cure any erroneous injury in this connection. The court said:

"I will say, gentlemen of the jury, that the solicitor must not comment in any way, manner, shape, or form to the detriment of the defendant in reference to his failure to take the stand as a witness in his own behalf, and I hold that to be distinctly understood. I was at first under the impression, and perhaps still am, as far as that is concerned, that it was simply intended as a statement of what was considered to be evidence in the case, but I withdraw all that, his statement in reference to the defendant not being on the stand, from your consideration, and any remarks that the court may have made in reference to what the court thought."

There is no reversible error in this case. The judgment of conviction from which this appeal was taken is affirmed.

Affirmed.